# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TERRY BARBER, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                           **NO. 24-980-SDD-RLB**

**IMPERIAL SUPPLIES, LLC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 27, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY BARBER, ET AL.                                     CIVIL ACTION

VERSUS                                                  NO. 24-980-SDD-RLB

IMPERIAL SUPPLIES, LLC, ET AL.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court are Penske Truck Leasing Corporation ("Penske") and Old Republic Insurance Company's ("Old Republic") (together, "Movants") Second Motion for Leave to File Intervention or, Alternatively, Motion to Remand and Imperial Supplies LLC ("Imperial") and W.W. Grainger, Inc.'s ("Grainger") (together, "Defendants") opposition. (R. Docs. 17; 20). Also before the Court are Movants' reply memorandum and Terry and Rhonda Barber's ("Plaintiffs") me-too memorandum adopting all of Movants' arguments. (R. Docs. 23; 24).

I.      **Background**

On November 6, 2024, Plaintiffs sued Defendants in the 19th J.D.C. of East Baton Rouge Parish, Louisiana, for injuries he suffered, while in the course and scope of his employment with Penske, due to the explosion of a can of battery protector made and distributed by Grainger's subsidiary Imperial. (R. Doc. 1-1). On December 2, 2024, Defendants removed the case to this district based on diversity. (R. Doc. 1). Imperial is a foreign LLC, organized and existing under the laws of Delaware, and its principal place of business ("PPB") is in Wisconsin. Grainger is a foreign corporation, organized and existing under the laws of Illinois, and its PPB is in Illinois.

On January 14, 2025, Movants sought to intervene on the basis that Terry Barber was acting in the course and scope of his employment with Penske at the time of the incident, and Old Republic is Penske's worker's compensation carrier that is compensating him. (R. Docs. 10;

10-1; 10-3). This Court denied the motion on January 23, 2025, explaining the following:

- "[E]mployers and workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors." (R. Doc. 15) (quotations and citations omitted).

- "Where the joinder of a required plaintiff-intervenor would destroy diversity, then the Court must conclude that joinder is not feasible pursuant to Rule 19 and dismiss the action without prejudice[.]" (R. Doc. 15) (citations omitted).

- "It is unclear to the Court . . . whether both Penske and Old Republic are required parties pursuant to Rule 19. [T]he jurisdictional allegations in the proposed pleading are insufficient to conclude whether the presence of either Penske or Old Republic would destroy complete diversity. The motion is deficient to the extent it does not address whether the Court will be deprived of subject matter jurisdiction if either Penske or Old Republic is allowed to intervene as a plaintiff in this action. Accordingly, the Court will deny the motion without prejudice to refile to address [these issues]." (R. Doc. 15).

In line with the above, Movants filed the instant motion, and have now established that they are seeking more than $75,000.00 from Defendants and that their addition would destroy diversity because Penske is a Delaware corporation with a PPB in Pennsylvania and Old Republic is a Pennsylvania corporation with a PPB in Illinois. Movants argue they "are required by law to formally intervene in [P]laintiff's lawsuit in order to recoup their statutory lien." (R. Doc. 17 at 2). However, instead of seeking dismissal of the case, they seek remand to State Court.

Defendants opposed the motion on March 19, 2025, arguing Movants need not intervene. (R. Doc. 20). In support of this argument, Defendants cite to *Allstate Indemnity Co. v. Knighten*, in which Louisiana's Second Circuit Court of Appeal held that an insurer's "failure to intervene in the employee's third-party suit before the filing of [a] concursus proceeding by [a defendant insurer] cannot be construed as a waiver of its right to claim from the third-party tortfeasor the amounts it paid to or for [the plaintiff employee] under the [Worker's Compensation] law." 705 So. 2d 240, 243 (La. App. 2 Cir. 1997). Defendants also cite *Rice v. Flour Constructors, Inc*., 577 So. 2d 1054, 1056 (La. Ct. App. 1991) to assert that although "the insurer *may* intervene, there is no requirement that he *must* intervene or lose the right to recover any lien." (R. Doc. 20 at 2).

This Court allowed Movants to file a reply on March 25, 2025, and Movants noted that Defendants had misread both *Allstate* and *Rice*. Plaintiffs filed a me-too memorandum on April 7, 2025. (R. Doc. 24). Movants explain that the court in *Allstate* wrote, that "it is clear that the vehicle which *must* be used by a compensation carrier in order to receive credit for compensation benefits that may be due the employee is intervention[ and that a]bsent intervention, [it knew] of no provision in the law which authorizes the employer/compensation carrier to refuse to pay compensation or to receive a credit against the employee's award of damages against the third party tortfeasor." (R. Doc. 23); *Rice*, 577 So.2d at 1057 (emphasis added). Movants also provide that the court in *Rice* wrote that, while La. R.S. 23:1102's[1] "language is permissive, regarding intervention by the party who is not a party-plaintiff in the action against the third-party, the case law suggests that an employer or its insurer must intervene in a third-party suit filed by the employee in order to assert its rights against the third-party tortfeasor or otherwise be barred from instituting a separate action to assert those rights." *Allstate Indem. Co*., 705 So.2d at 242 (emphasis in original). The Court agrees Defendants misunderstand *Allstate* and *Rice,* and this Court finds *Allstate* is inapplicable here as no concursus proceeding is before this Court.

## II.    Law and Analysis

### A.    Intervention of Right Under Fed. R. Civ. P. 24(a)

Under Fed. R. Civ. P. 24(a)(2), a non-party is entitled to intervene as of right when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may impair or impede his ability to

---

[1] "La. R.S. 23:1101 provides that either or both the employee and the employer may bring suit against a third party legally liable for the employee's injuries who is not immune from tort liability. La. R.S. 23:1102 provides that the party first filing suit must notify the other, and the other may intervene[.]" *Allstate Indem. Co.*, 705 So.2d at 242.

protect his interest; and (4) the parties in the action do not adequately protect the potential

intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001).

Under the Louisiana Workers' Compensation Act, "[i]f either the employee . . . or the

employer or insurer brings suit against a third person . . . he shall forthwith notify the other in

writing of such fact and of the name of the court in which the suit is filed, and such other may

intervene as party plaintiff in the suit." La. R.S. 23:1102(A). "Although the statute provides that

the other may intervene as a party plaintiff if either the employee or the employer brings suit

against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene

in a suit filed by the employee, after proper notice, bars the employer from bringing a separate

suit against a third party tortfeasor." *Houston General Ins. Co. v. Commercial Union Ins. Co*.,

649 So. 2d 776, 782 (La. App. 1st Cir. 1994) (citation omitted). Likewise, a compensation insurer

who fails to intervene will be barred from claiming reimbursement. *See Senac v. Sandefer*, 418

So. 2d 543, 545 n.1 (La. 1982) ("The employer's compensation insurer failed to intervene in this

action and is thus barred from claiming reimbursement of the benefits paid to the plaintiff."). The

Fifth Circuit has noted "[t]here is no doubt that, under Louisiana law, a compensation carrier or

employer must generally be a party to the suit between a tortfeasor's carrier and tort plaintiff in

order to collect reimbursement for workers' compensation from the successful tort plaintiff's

judgment." *Chevalier v. Reliance Ins. Co. of Illinois*, 953 F.2d 877, 884 (5th Cir. 1992).

In light of this jurisprudence, district courts in this Circuit have found that employers and

workers' compensation insurers who have paid a plaintiff workers' compensation benefits are

intervenors of right in a plaintiff's action against alleged tortfeasors. *See Fulford v. Climbtek,

Inc.*, No. 16-16, 2016 WL 7173780, at * 5 (M.D. La. Dec. 8, 2016) ("ORM alleges that it has

paid workers' compensation medical benefits and workers' compensation indemnity benefits

under the Louisiana Workers' Compensation Act to and on behalf of [Plaintiff]. Unless ORM is allowed to intervene, it will lose its right to reimbursement. [T]he Court finds ORM to be an intervenor of right under Fed. R. Civ. P. 24(a)(2)."); *see also* Jo*hnson v. Qualawash Holdings, LLC*, 990 F. Supp. 2d 629, 640 (W.D. La. Jan. 6, 2014) (dismissing action after finding workers' compensation insurer to be indispensable non-diverse party and explaining insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance. . . . Under Louisiana law, if [insurer] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *see also Youngblood v. Rain CII Carbon LLC*, No. 12-287, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (both employer and workers' compensation insurer were intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement).

Here, Movants are asking to "be paid by preference and priority out of the portion of any judgment or settlement, all sums which [they] have paid under the Louisiana's Workers' Compensation Law on account of accidental injury to [P]laintiff[s]." (R. Doc. 17-3 at 4). Unless they are allowed to intervene, Movants will lose their right to reimbursement. Accordingly, Movants are intervenors of right under Rule 24(a)(2). *See Grizer v. CF Indus., Inc*., No. 16-145, 2017 WL 2608860, at *4 (M.D. La. May 26, 2017), *report and recommendation adopted*, 2017 WL 2604257 (M.D. La. June 15, 2017) (citing cases); *see also* La. R.S. 23:1102(A)(1).

### B.    Alignment of Intervenor

In their proposed pleading, Movants specifically seek to align themselves with Plaintiff. (R. Doc. 17-3). Movants' alignment is relevant to a determination of whether the Court can exercise supplemental jurisdiction over their claims under 28 U.S.C. § 1367(b), which provides that a district court shall not have supplemental jurisdiction over claims by parties "seeking to

intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements" of 28 U.S.C. § 1332.

In discerning the "alignment of parties for jurisdictional purposes, courts have a duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (quotations and citation omitted). "[T]he generally accepted test of proper alignment is whether the parties with the same ultimate interests' in the outcome of the action are on the same side." *Id.* Given that Movants are seeking to recover workers' compensation payments paid to Terry Barber, it is proper to align Movants in this action with Plaintiffs. *See Grizer*, 2017 WL 2608860, at *5 (aligning workers' compensation insurer seeking recovery of paid benefits with the plaintiff); *see also Gallodoro v. Walton Isaacson, LLC*, No. 20-2163, 2021 WL 2187927, at *3 (E.D. La. May 28, 2021) (aligning intervening worker's compensation carrier with plaintiff).

### C. Supplemental Jurisdiction Under 28 U.S.C. § 1367(b)

Having concluded that Movants are properly aligned with Plaintiffs, the Court must now determine whether it can properly exercise supplemental jurisdiction over Movants' claims. The supplemental jurisdiction statute provides that "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 . . . the district courts shall not have supplemental jurisdiction . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. 1367(b). For a district court to exercise supplemental jurisdiction over claims of a plaintiff intervenor, there must be complete diversity. *See Head v. Chesapeake Operating, Inc*., No. 10-CV-0444, 2010 WL 2246394, *1 (W.D. La. May 26, 2010) ("The worker's compensation intervenor in a case like this is aligned as

a plaintiff, so its citizenship must be diverse from that of all defendants or diversity will be

destroyed."). Penske, like Imperial, is a Delaware citizen, and Old Republic, like Grainger, is as

Illinois citizen. As Movants are aligned with Plaintiffs, they are not diverse from Defendants.

The Court must deny intervention as exercising supplemental jurisdiction over Movants' claims

would be inconsistent with the exercise of diversity jurisdiction under 28 U.S.C. § 1332.

     **D.**    **Dismissal Under Fed. R. Civ. P. 19(b)**

     "[W]hen faced with a diversity-destroying potential intervenor, we are required to

consider whether the party seeking to intervene is a required party under Rule 19. When the

diversity-destroying potential intervenor is a required party in whose absence an adequate

judgment cannot be rendered, under Rule 19, the lawsuit cannot proceed in that party's absence

and the suit must be dismissed for lack of complete diversity." *Youngblood*, 2014 WL 2547588,

at *4. Under Fed. R. Civ. P. 19(b), "[i]f a person who is required to be joined if feasible cannot be

joined, the court must determine whether, in equity and good conscience, the action should

proceed among the existing parties or should be dismissed. The factors for the court to consider

include: (1) the extent to which a judgment rendered in the person's absence might prejudice that

person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided

by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3)

whether a judgment rendered in the person's absence would be adequate; and (4) whether the

plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R.

Civ. P. 19(b). As discussed, Movants are intervenors of right because, unless they are allowed to

intervene, they will lose their right to seek reimbursement under Louisiana law. Consequently,

Movants' absence from this suit would prejudice Movants' ability to protect their interests.

Under these circumstances, the undersigned finds Movants are required parties whose joinder is

not feasible (based on this court's lack of supplemental jurisdiction over Movants' claims). Dismissal of the action under Rule 19(b) is appropriate. *See Grizer*, 2017 WL 2608860, at *5-7.

Movants and Plaintiffs argue this action should be remanded to State Court rather than dismissed without prejudice. The Court is aware certain decisions have relied on 28 U.S.C. § 1447(e) to remand suits involving a plaintiff-intervenor found indispensable under Rule 19(b). *See, e.g., Combs v. Southland Process Grp. L.L.C.*, No. 17-0239, 2017 WL 3405321, at *6 (W.D. La. July 10, 2017), *report and recommendation adopted sub nom. Combs v. Southland Process Grp. LLC*, 2017 WL 3401519 (W.D. La. Aug. 8, 2017).

28 U.S.C. § 1447(e) provides that "[i]f after removal the **plaintiff** seeks to join additional **defendants** whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court." 28 U.S.C. § 1447(e) (**emphasis** added). Fed. R. Civ. P. 19(b), on the other hand, requires dismissal when "a person who is required to be joined . . . cannot be joined." Fed. R. Civ. P. 19(b). Judges in this district (including the district judge assigned in this case) have determined that dismissal without prejudice is required under these circumstances. *Grizer*, 2017 WL 2604257, at *1, *see also Johnson v. Agility Fuel Systems, Inc.*, Civ. No. 20-733-SDD-RLB, 2021 WL 4694730 (M.D. La. Oct. 7, 2021). Accordingly, the undersigned concludes that since 28 U.S.C. § 1447(e) states that its applicability is limited to non-diverse defendants, and the intervenor-plaintiff is not a defendant, Rule 19(b) requires dismissal.

III.    **Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that the instant motion (R. Doc. 17) be **DENIED**, with

Plaintiffs' case being **DISMISSED WITHOUT PREJUDICE** to refiling in State Court.

Signed in Baton Rouge, Louisiana, on May 27, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**